# IN THE COURT OF APPEALS OF IOWA

No. 18-0598
Filed June 20, 2018

**IN THE INTEREST OF A.W. and A.W.,**
**Minor Children,**

**C.W., Father,**
      Appellant,

**C.C., Mother,**
      Appellant.

_____

Appeal from the Iowa District Court for Linn County, Barbara H. Liesveld, District Associate Judge.

A mother and father each appeal the order terminating their parental rights to their two daughters. **AFFIRMED ON BOTH APPEALS.**

Ryan P. Tang of Law Office of Ryan P. Tang, P.C., Marion, for appellant father.

Michael M. Lindeman of Lindeman Law, Cedar Rapids, for appellant mother.

Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

Patricia J. Meier of Nidey Erdahl Fisher Pilkington & Meier, PLC, Cedar Rapids, guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**TABOR, Judge.**

Parents Cameron and Cassandra[1] challenge the order terminating their legal relationship with two daughters, six-year-old Ad.W. and two-year-old Al.W.[2] On appeal, both parents argue the children could be returned home. Cameron also contends termination of his parental rights was not in his daughters' best interests. Given the parents' histories of unabated drug use, mental-health challenges, and incidents of domestic violence, we agree with the conclusions of the juvenile court and affirm the termination order.[3]

In the spring of 2016, the Iowa Department of Human Services (DHS) received a report that Cassandra was using cocaine while caring for her daughters.[4] Cassandra had completed a substance-abuse program at the Heart of Iowa but relapsed in February 2016. She stopped attending outpatient treatment in March. The DHS also received a report that Cameron assaulted Cassandra in the presence of the children and was abusing pain medication. In a July 2016 order adjudicating Ad.W. and Al.W. as children in need of assistance (CINA), the juvenile court chronicled the parents' long struggles with drug abuse

---

[1] Cameron and Cassandra are not married, but lived together and sometimes refer to one another as husband and wife.

[2] The juvenile court approved the removal of a third child, Z.W., from the home five days after his birth in November 2017. But that child is a not a subject of this termination-of-parental-rights appeal.

[3] We review child welfare proceedings de novo, which means examining both the facts and law and adjudicating anew those issues properly preserved and presented. *In re L.G.*, 532 N.W.2d 478, 480 (Iowa Ct. App. 1995). We are not bound by the juvenile court's factual findings but give them weight, especially when witness credibility is a key consideration. *See In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). As the petitioning party, the State must offer clear and convincing proof, which means we see no "serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010) (quoting *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000)).

[4] Cassandra's parental relationship with an older daughter, A.E., was terminated in 2010.

and their criminal records.  The court also noted the parents' difficulty in maintaining stable housing and employment.

The girls remained in their parents' home until December 2016 when both Cassandra and Cameron submitted to hair-stat tests which revealed the presence of cocaine.  The court then ordered tests of the children's hair; Ad.W. tested positive for exposure to methamphetamine, cocaine, benzoylecgonine, and norcaine.  The girls have been in foster care since January 2017.

During the intervening year, neither Cassandra nor Cameron engaged in substance-abuse treatment as expected by the DHS.  Both tested positive for drugs in the summer of 2017 and failed to submit to drug testing requested by the DHS since the fall of 2017.   Addressing their mental-health needs has also been an ongoing issue for both parents.  Cassandra has been diagnosed with anxiety and major depressive disorder; Cameron has been diagnosed with anxiety, depression, bipolar disorder, and attention-deficit disorder.  Neither consistently followed through with counseling or medication management, according to the testimony of their caseworker.

Domestic violence was also an issue.  Cassandra reported an incident in January 2018, when Cameron struck and strangled her.   She testified that in the process of trying to stop the assault, she broke his necklace and phone. Cassandra also acknowledged Ad.W. had witnessed domestic violence when living at home.   Cameron admitted unhealthy aspects to his relationship with Cassandra, specifically "the arguing and the drug use."   Housing too was a concern.   The parents had been evicted multiple times.   At the time of the

termination hearing, the father was staying with his brother, and the mother was incarcerated and had been homeless.

Another problem was inconsistency in the parents' interactions with Ad.W. and Al.W. The DHS offered them supervised visitation three times per week. But the parents frequently arrived late or cancelled visits, which disappointed the girls, especially the older daughter. And although encouraged to attend the girls' medical appointments and gymnastics classes, the parents failed to take advantage of these additional opportunities to engage in their children's lives.

In December 2017, the State filed a petition for termination of parental rights. In February 2018, the juvenile court heard testimony from both parents and the DHS caseworker. In March 2018, the juvenile court granted the petition, relying on Iowa Code section 232.116(1)(f) (2017) as to the older child and paragraph (h) as to the younger child, as well as paragraph (*l*) as to both children.

In their separate petitions on appeal, both parents contest the sufficiency of the State's evidence supporting the statutory grounds. To affirm, we need to find facts to support just one of the grounds.[5] *In re J.B.L.*, 844 N.W.2d 703, 704 (Iowa Ct. App. 2014). We focus our analysis on paragraphs (f) and (h).[6]

---

[5] We note the parents do not address any of the statutory grounds under paragraph (*l*). The State contends they have waived challenges to termination of their parental rights to both children on that ground. Nonetheless, we address the grounds under paragraphs (f) and (h).

[6] Under paragraph (f), the State must prove:
> (1) The child is four years of age or older.
> (2) The child has been adjudicated a [CINA] pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.

On appeal, the parents challenge the fourth element of both paragraphs, claiming the children could have been returned to their custody "at the present time." *See D.W.,* 791 N.W.2d at 707 (interpreting "present time" to mean the date of the termination hearing). Cameron acknowledges his continued struggle to maintain sobriety but asserts he had secured suitable and stable housing by the time of the hearing. The State counters that Cameron was relying on his brother for financial support and had not been engaged in services. Like the juvenile court, we find clear and convincing evidence the girls could not be safely returned to Cameron's custody. He had not committed to substance-abuse or mental-health treatment and was not in a position to resume parenting two young children.

As for Cassandra, at the February 9 termination hearing, she testified she would not be released from jail until mid-March and then would have to search for housing and employment. She knew the children could not be returned to her care at the time of the hearing and asked only for a six-month extension to gain stability.

---

(4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.
Iowa Code § 232.116(1)(f).
Under paragraph (h), the State must prove:
(1) The child is three years of age or younger.
(2) The child has been adjudicated a [CINA] pursuant to section 232.96.
(3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
(4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.
Iowa Code § 232.116(1)(h).

We find the State proved the grounds for termination by clear and convincing evidence.[7]

Cameron also contends termination of his parental rights was not in the best interests of his daughters and, in fact, would be detrimental to them because of the closeness of the parent-child relationship. *See* Iowa Code §§ 232.116(2), 232.116(3)(c). Our determination of best interests must track section 232.116(2). *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (rejecting court's use of an unstructured best-interests test). That provision focuses on the children's safety; the best placement for furthering their long-term nurturing and growth; and their physical, mental, and emotional condition and needs. *See* Iowa Code § 232.116(2). As the case worker testified, Cameron's continued use of controlled substances and violence toward Cassandra placed his children at risk of harm. And while the children "obviously loved" their parents, the bond was not necessarily healthy. *See* Iowa Code § 232.116(3)(c). The older child, Ad.W., "really worries about her parents" and "their well-being" which placed a great weight on the child, according to the DHS case worker. Moving the children toward a permanent placement was in their best interests.

**AFFIRMED ON BOTH APPEALS.**

---

[7] Although not setting out the argument under a separate heading, both parents appear to challenge the DHS's "reasonable efforts" toward reunification. In particular, Cameron claims the parents did not receive adequate assistance with transportation. Because Cameron did not raise this issue before the juvenile court in a timely manner, he did not preserve it for appeal. *See In re A.A.G.*, 708 N.W.2d 85, 91 (Iowa Ct. App. 2005) ("The Department has an obligation to make reasonable efforts toward reunification, but a parent has an equal obligation to demand other, different, or additional services prior to a permanency or termination hearing.").